No. 9.—CHRISTOPHER C. BOWEN, administrator, &c. *vs.* EMALINE COLLINS, defendant in error.

[1.] A husband bargained for land, took a bond for titles, to be made to him on payment of the purchase-money, paid a part of the purchase-money and died. His vendor administered on his estate, and as administrator, sold the land: *Held*, that in this land the widow was not entitled to dower.

Application for dower, in Fayette Superior Court. Tried before Judge IRWIN, September Term, 1853.

Christopher C. Bowen sold to Paschal E. Collins, a settlement of lands in Fayette county, for $4000. Notes were given for the purchase-money, and bonds for title, upon the payment of the same, executed. Collins died in posession of the land, having paid but a part of the purchase-money.

Bowen became his administrator, and proceeded to administer upon the estate, including and treating the land in question as a part of the same. Mrs. Collins, the widow, applied to the Superior Court of Fayette county, for the appointment of Commissioners to lay off and assign her dower in the said lands. The Commissioners having been appointed and having made their return, Bowen, the administrator, objected to the allowing the widow's dower. Issue was joined and submitted to a Jury.

Among other things, the Court charged the Jury, "that notwithstanding the deceased husband of the demandant had only a bond for titles to the land out of which she claimed dower, and notwithstanding a part only of the purchase-money was paid, yet if the husband died seized of the land, and the administrator treated the land as the property of the estate, and advertised the land for sale, as such, then, as between her and the administrator on her husband's estate, she was entitled to dower". To which charge of the Court counsel for defendant excepted.

DOYAL and McCUINE, for plaintiff.

STONE, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Did Collins, the husband, die "seized and possessed" of the lands mentioned in this case? This is the question for decision. (*Pr. Dig.* 249.)

At the time when he died, he had no *legal* estate, of any quantity or quality, in the lands. He had in them but a conditional *trust* estate—a trust estate which was to become complete in him, only on his paying, in full, the purchase-money for the lands. Of this he had paid but a part. And at least, as long as any part of the purchase-money remained unpaid, the *legal* title continued to be in Bowen the vendor, and nothing more

than an incomplete equitable title—an imperfect trust could vest in Collins the vendee.

Did this incomplete equitable title in Collins, the husband, amount to a *seizin* in him? It did not. For be the meaning of the word seizin what it may, this much, at least, is certain: that that meaning includes in it this ingredient, viz: a title which is *complete*. "Seizin is a technical term, to denote the *completion* of that investiture by which the tenant was admitted into the tenure; and without which, no free-hold could be constituted or pass". *Lord Mansfield in Taylor ex de. Atkyns vs. Horde et al.* (1 *Barr.* 107 *and* 2 *Black. Com.* 311.)

It follows that Collins, the husband, was not, at the time of his death, "seized and possessed" of the lands in question.

His widow, therefore, was not dowable of those lands, and the Court erred in telling the Jury that she might be endowed of them.

The conduct of the administrator, Bowen, "in treating the land as the property of the estate", by advertising and selling it, ought not to be construed into an admission, on his part, that his intestate was *seized* of the land, or into an admission of anything more than that his intestate had in it such an interest, complete or incomplete, as might make it assets in his hands, to be administered; and even the admission, to this extent, would hardly be operative, except between the administrator and those interested in the assets—the creditors and distributees of the intestate.

But, indeed, unless the Law of England, such as it was when Georgia adopted it, has been changed by the Statute aforesaid, or by some other Statute, a wife is not dowable of any trust estate, not even of a complete one. "It is an established doctrine now, that a wife is not dowable of a trust estate". *Lord Hardwicke, in Godwin vs. Winsmore*, (2 *Atk.* 525.) And see *Dixon vs. Saville*, (1 *Brown's Ch. R.* 326.)

If there is any Statute of this State, which changes the Law of England, in this respect, I am not aware of it. I think the Statute aforesaid, is not one which does.

The decision of this point amounts to a final determination of the case, and that renders it unnecessary to consider the other points assigned for error.